**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PRIMROSE LESTER,

      Plaintiff-Appellant,

v.

KMART CORPORATION, a foreign
corporation; SEARS HOLDINGS
CORPORATION, a foreign
corporation,

      Defendants-Appellees.

No. 10-5007
(D.C. No. 4:08-CV-00488-JHP-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

In this employment discrimination case Primrose Lester, appearing *pro se*,

appeals from a summary judgment entered in favor of defendants. Defendants

have moved to dismiss the appeal because Lester's notice of appeal was not

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

timely. Lester has not opposed the motion, either by addressing it in her appellate brief or by filing a separate document. This court lacks jurisdiction.

*Appeal Posture*

Through counsel, Lester filed suit against Kmart, alleging she was discharged on the basis of her race, Native American, in violation of Title VII and 42 U.S.C. § 1981. She further claimed Kmart violated Title VII by retaliating against her for making prior complaints of discrimination, and it abridged her rights under the Family Medical Leave Act. After briefing on summary judgment was complete, Lester's attorney moved to withdraw. The district court granted Kmart's motion for summary judgment and entered judgment on September 21, 2009.

On October 20, 2009, Lester filed a *pro se* motion to extend the time within which to file a notice of appeal. She also sought leave to proceed on appeal *in forma pauperis*. Noting the motion to withdraw filed by Lester's attorney, the district court gave Lester fourteen days from December 8, 2009, to either enter a *pro se* appearance or obtain substitute counsel, after which the court would consider her application for an extension of time to file a notice of appeal. Fifteen days later, on December 23, Lester filed a *pro se* entry of appearance. On January 12, 2010, the district court gave Lester ten days to file a notice of appeal, but she did not file one until January 26, 2010, fourteen days later and four days

after the extended due date.[1]  The court then granted Lester's attorney leave to withdraw.

*Discussion*

A notice of appeal in a civil case must be filed within 30 days after the entry of judgment from which the appeal is taken.  28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1)(A).  The district court may extend the time upon a showing of "excusable neglect or good cause," if a party moves for an extension no later than thirty days after the time to appeal has expired.  Fed. R. App. P. 4(a)(5)(A).

The Supreme Court has "ma[de] clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *accord Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) (noting "the taking of an appeal within the prescribed time is mandatory and jurisdictional"); *Vanderwerf v. SmithKline Beecham Corp.*, 603 F.3d 842, 843 (10th Cir. 2010) (holding "without a timely notice of appeal, we are deprived of jurisdiction to review the merits of the action").

---

[1]     Prior to the 2009 amendment, Fed. R. App. P. 26 provided that intermediate weekend days and legal holidays were not counted when computing time periods shorter than 11 days.  The current version of Rule 26 applies here, and provides that when computing any time period stated in days, "every day, including intermediate Saturdays, Sundays, and legal holidays" are counted. Fed. R. Civ. P. 26(a)(1)(B).

The deadline for filing a notice of appeal, as extended by the district court, was January 22, 2010. Lester filed her notice of appeal on January 26, 2010, four days late. This court lacks jurisdiction.

DISMISSED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge